UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                                Date:  February 5, 2021

Title   Kenneth Ray Johnson v. Sierra Conservation Center Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS UNTIMELY

   On October 29, 2020, Kenneth Ray Johnson ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] ("Petition," Dkt. No. 1).  Petitioner asserts four claims: (1) his conviction was obtained by his codefendant's statements without corroborating evidence, in violation of California Penal Code § 1111; (2) his trial counsel was ineffective for failing to raise a Penal Code § 1111 claim; (3) the trial court's failure to allow him to cross-examine his co-defendant violated his rights to confrontation and due process; and (4) the evidence was insufficient to support the special circumstance allegation.  (*Id.* at 5-6).  For the reasons set forth below, the Petition appears to be untimely.

---

[1] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).  Accordingly, the Court adopts the date in the signature block, October 29, 2020, as the Petition's constructive filing date.  (Petition at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                                    Date:  February 5, 2021

Title   Kenneth Ray Johnson v. Sierra Conservation Center Warden

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions.  AEDPA's one-year limitations period begins to run from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Here, the applicable limitations period is that set forth in § 2244(d)(1)(A).

A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." *Id*.  According to the Petition, Petitioner was convicted in April 2014 on one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                                   Date:  February 5, 2021

Title         Kenneth Ray Johnson v. Sierra Conservation Center Warden

count of murder robbery with a firearm.  (Petition at 2).  The California Court of Appeal affirmed Petitioner's murder conviction on March 24, 2016.  *See People v. Johnson*, 2016 WL 1168587, at *9 (Cal. Ct. App. Mar. 24, 2016) ("*Johnson I*"); *see also* California Appellate Court Case Information website, Cal. Ct. App. 2nd Dist., Case No. B256273, at http://appellatecases.courtinfo. ca.gov (the "Case Information Website").[2]  However, the court vacated the special circumstance finding that the murder was committed during the course of a robbery, reversed the judgment imposing a sentence of life without the possibility of parole, and remanded the case to the trial court so that the People could choose whether to retry Petitioner and his co-defendant on the special circumstance or to have the trial court resentence Petitioner and his co-defendant without the special circumstance finding.  *Johnson I*, 2016 WL 1168587, at *9.  Petitioner filed a petition for review with the California Supreme Court challenging the affirmance of his murder conviction, which was denied on July 13, 2016.  *See* Case Information Website, Case No. S234194.

On remand to the trial court, the People elected not to retry the special circumstance allegation, and the court resentenced Petitioner to an aggregate term of 26 years to life.  *See People v. Johnson*, 2017 WL 3866576, at *1 (Cal. Ct. App. Sept. 5, 2017) ("*Johnson II*").  On appeal of his amended sentence in the California Court of Appeal, Petitioner filed a *Wende* brief.[3]  *See id.*; *see also* Case Information Website, Cal. Ct. App. 2d Dist., Case No. B280113.  The court advised Petitioner that he could file a supplemental brief setting forth any specific issues that he wished the court to consider, but he did not do so.  *Johnson II*, 2017 WL 3866576, at *1.  The Court of Appeal

---

[2] The Court takes judicial notice of state court documents relevant to the disposition of this case.  *See United States v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).

[3] "A *Wende* brief is one that an appellate counsel can file when he finds no legitimate issues for appeal.  When an attorney files a *Wende* brief the court is then obliged to undertake an independent review of the record for valid claims." *Hebbe v. Pliler*, 627 F.3d 338, 340 n.1 (9th Cir. 2010); *see also People v. Wende*, 25 Cal. 3d 436 (1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                                   Date:  February 5, 2021

Title   Kenneth Ray Johnson v. Sierra Conservation Center Warden

affirmed Petitioner's sentence of judgment on September 5, 2017.  *Id.*; *see also* Case Information Website, Cal. Ct. App. 2d Dist., Case No. B280113.[4]

The record does not reflect that Petitioner filed a petition for review in the California Supreme Court on direct appeal after the Court of Appeal issued its September 5, 2017 ruling.  As such, Petitioner's conviction became final on direct review forty days after the California Court of Appeal affirmed his amended sentence,[5] *i.e.*, on October 16, 2017.[6]  *See Gonzalez v. Thaler*, 565 U.S.  134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); Cal. R. Ct. 8.264(b)(1), 8.500(e)(1) (providing that a Court of Appeal decision becomes final "in

---

[4] On May 19, 2017, while Petitioner's appeal of his amended sentence in the Court of Appeal was still pending, Petitioner filed a *pro se* habeas petition in the California Supreme Court.  *See* Case Information Website, Case No. S242051.  The high court denied the petition on August 9, 2017, approximately one month before the California Court of Appeal affirmed the amended sentence.  *Id*.

[5]  Under AEDPA, where, as here, a criminal judgment is remanded for resentencing, the date the conviction and sentence become "final" is calculated from the end of direct review of the amended sentence.  *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (the AEDPA "limitations period did not begin until both [petitioner's] conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'") (emphasis in original); *see also United States v. LaFromboise*, 427 F.3d 680, 685-86 (9th Cir. 2005) ("We conclude that the one-year time bar [under AEDPA] will begin to run after the district court enters an amended judgment [on remand] and either the direct appeal has been resolved or the time to appeal has passed.").

[6] Forty days after September 5, 2017 was October 15, 2017.  However, because October 15, 2017 was a Sunday, the deadline automatically rolled over to the next court day, October 16, 2017.  *See* Fed. R. Civ. P. 6(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                           Date:  February 5, 2021

Title   Kenneth Ray Johnson v. Sierra Conservation Center Warden

that court" 30 days after it is issued and requiring that any petition for review with the California Supreme Court be filed within 10 additional days).  Thus, absent tolling, the 28 U.S.C. § 2244(d)(1) limitations period began to run the next day and expired one year later, on **October 16, 2018.**  The instant Petition was not filed until October 29, 2020.  Therefore, absent tolling, it is untimely by more than two years.

     AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  The time between the date a conviction becomes final and the date a petitioner files his first state habeas petition is not subject to statutory tolling.  *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).  However, AEDPA's statutory tolling provision applies to "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008).  "Applying these principles to California's post-conviction procedure . . . the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  *Id.; see also Carey v. Saffold*, 536 U.S. 214, 217-23 (2002) (under California's "original writ" system, an application for state collateral review is "pending" in the state courts so as to toll the federal statute of limitations during the interval between a lower court's decision and the filing of a further original state habeas petition in a higher court).

     The United States Supreme Court has clarified this standard, holding that a petition is "pending" between the time the lower state court reached an adverse decision and the day the petitioner filed a petition in a higher state court only if the subsequent petition was filed within a "reasonable time."  *Id*.  When a state habeas petition is untimely, it is not properly filed and AEDPA's statute of limitations will not toll.  *Pace*, 544 U.S. at 417.  Moreover, if a petition is untimely, then "none of the time before or during the court's consideration of that petition is statutorily tolled."  *Bonner v. Carey*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                                   Date:  February 5, 2021

Title   Kenneth Ray Johnson v. Sierra Conservation Center Warden

425 F.3d 1145, 1149 (9th Cir. 2005).  In *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held that, in the absence of a ruling on timeliness from a California state court, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.* at 198 (also noting that a federal court cannot presume that a state petition was timely simply because a state court considered the petition on the merits).

      The California Case Information website indicates that after the California Court of Appeal affirmed Petitioner's amended sentence, Petitioner filed two state habeas petitions.  The first habeas petition was filed in the California Court of Appeal on November 12, 2020 and was denied one week later, on November 19, 2020.  *See* Case Information Website, Cal. Ct. App. 2d Dist., Case No. B308775.  The second habeas petition was filed in the California Supreme Court on December 14, 2020, and, as of the date of this Order to Show Cause, appears to be still pending.  *See* Case Information Website, Case No. S266115.  Not only were both of these state habeas petitions filed more than two years after the AEDPA statute of limitations already expired on October 16, 2018, but they were also filed *after* Petitioner constructively filed his federal habeas Petition on October 29, 2020.  It does not appear that Petitioner pursued *any* state habeas relief during the three-year period between September 5, 2017, when the California Court of Appeal affirmed Petitioner's amended sentence on direct review, and October 29, 2020, when Petitioner filed the instant federal Petition.

      A state habeas petition filed after the expiration of the one-year AEDPA limitations period does not reset the limitations clock.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state [habeas] petition was filed."); *Roberts*, 627 F.3d at 771 n.4 ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d 1148, 1151 (C.D. Cal. 2013) (the filing of a state petition after the AEDPA limitations period expired "cannot revive [the] statute of limitations and has no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                                  Date:  February 5, 2021

Title        Kenneth Ray Johnson v. Sierra Conservation Center Warden

tolling effect") (citing *Ferguson*, 321 F.3d at 823).  Accordingly, it appears that the filing of the 2020 habeas petitions in the California Court of Appeal and the California Supreme Court would not entitle Petitioner to statutory tolling and would not render the instant federal Petition timely.

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  For example, to claim an entitlement to statutory tolling, Petitioner must identify any relevant state court filing not identified in this Order, such as a petition for review filed on direct review in the California Supreme Court after the California Court of Appeal affirmed his amended sentence on September 5, 2017, or any habeas petition filed in any state court after the same date, but before the filing of the instant federal Petition on October 29, 2020.  Petitioner must also indicate, to the extent possible, the court in which the state petition was filed, the case number, the date it was filed, and the date on which it was denied.  If possible, Petitioner should attach a copy of any such petition as an exhibit to his response to the Order to Show Cause.

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'"  *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (quoting *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009)).  "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (brackets in original; citation omitted); *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                                        Date:  February 5, 2021

Title   Kenneth Ray Johnson v. Sierra Conservation Center Warden

    The Petition does not expressly seek equitable tolling or disclose any basis for such.  Petitioner is advised that he bears the burden of demonstrating an entitlement to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show both diligence and extraordinary circumstances to warrant equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling").  If, for example, Petitioner contends that he is entitled to equitable tolling, he must show that he diligently sought to pursue his claims after his amended sentence was affirmed in September 2017 but was prevented from doing so by circumstances beyond his control.  *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted).  Petitioner must also identify the period or amount of time he contends that the statute of limitations should be equitably tolled.

    For the reasons stated above, based upon the Petition as currently submitted, the statute of limitations triggered by 28 U.S.C. § 2244(d)(1)(A) appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **thirty days** of the date of this Order, why this action should not be dismissed as untimely pursuant to the AEDPA one-year limitations period.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

    After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

    **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).** <u>**A Notice of Dismissal form is attached for Petitioner's convenience.**</u>  **However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-10629 CJC (PVC)                              Date:  February 5, 2021

Title        Kenneth Ray Johnson v. Sierra Conservation Center Warden

that "[a] **1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.**"

**Petitioner is expressly warned that the failure to file a timely response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and comply with Court orders.** *See* **Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |